UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

SERVICE EMPLOYEES INTERNATIONAL UNION )
NATIONAL INDUSTRY PENSION FUND )

and

BOARD OF TRUSTEES OF THE SERVICE
EMPLOYEES INTERNATIONAL UNION
NATIONAL INDUSTRY PENSION FUND
1343 L Street, N.W.
Washington, DC 20005

      Plaintiffs,

  v.                                                                                             Civil Action No. _____

NORTHFIELD PLACE ASSOCIATES, XXI, INC.
d/b/a INTERNATIONAL HEALTH CARE
PROPERTIES XXI, L.P.,
d/b/a NORTHFIELD PLACE,
4000 Town Center, Suite # 380
Southfield, MI 48075

      Defendant.

Serve: Mohammad Qazi, Registered Agent
      Northfield Place Associates, XXI, Inc.
      4000 Town Center, Suite 380
      Southfield, MI 48075

      and

      Jere M. Ervin, Registered Agent
      International Health Care Properties XXI, L.P.
      404 BNA Drive, Suite 313
      Nashville, TN 37217

---

## COMPLAINT

Plaintiffs, by counsel, hereby complain of Defendant, Northfield Place Associates, XXI, Inc. d/b/a International Health Care Properties XXI, L.P. d/b/a Northfield Place, as follows:

### Introduction

1. This is an action to collect delinquent contributions that the Defendant Northfield Place Associates, XXI, Inc. d/b/a International Health Care Properties XXI, L.P. d/b/a Northfield Place ("Northfield" or "Defendant"), owes Plaintiff Service Employees International Union National Industry Pension Fund ("Pension Fund" or "Plaintiff"). This action is brought by the Pension Fund and Plaintiff Board of Trustees of the Pension Fund ("Trustees" or "Plaintiff"), (collectively, "Plaintiffs") pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.*, as amended by the Multi-employer Pension Plan Amendments Act of 1980 ("ERISA"), and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) ("LMRA").

### Jurisdiction and Venue

2. Jurisdiction of the Court arises pursuant to 28 U.S.C. §§ 1331, Section 502 of ERISA, 29 U.S.C. § 1132, and Section 301 of the LMRA, 29 U.S.C. § 185.

3. Because the Pension Fund is administered in this district, venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

### Parties

4. Plaintiff Pension Fund is a multi-employer jointly administered labor-management pension fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). Plaintiff Pension Fund is an employee pension benefit plan within the meaning of Sections 3(2) and

3(3) of ERISA, 29 U.S.C. §§ 1002(2) and (3), and is maintained for the purpose of providing retirement and related benefits to eligible participants and their beneficiaries. The Pension Fund is also a multi-employer pension plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

5.  Plaintiff members of the Board of Trustees of the Pension Fund are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

6.  The Pension Fund is administered in the District of Columbia. Its principal offices are at 1343 L Street, N.W., Washington, D.C. 20005.

7.  Plaintiffs bring this action on behalf of themselves and on behalf of Pension Fund participants and beneficiaries pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

8.  Defendant Northfield is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and Sections 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

9.  Upon information and belief, Defendant is a corporation incorporated in the State of Michigan, and has a mailing address of 4000 Town Center, Suite 380, Southfield, Michigan 48075.

10. Upon information and belief, Defendant's business is located at 8633 North Main Street, Whitmore Lake, Michigan 48189.

Statement of Claim

11.     At all relevant times, Service Employees International Union Local 79 ("Local 79") has been the exclusive collective bargaining agent for all of Defendant Northfield's nurse aides, cooks, dietary, housekeeping, and laundry employees at Northfield's facility at 8633 North Main Street, Whitmore Lake, Michigan 48189.

12      At all relevant times, Defendant has been party to a collective bargaining agreement ("Collective Bargaining Agreement" or "Agreement") with Local 79 covering Defendant's employees.

13.     The Collective Bargaining Agreement is a contract between an employer and labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and collectively bargained agreement within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

14.     Article 17 of Northfield's Collective Bargaining Agreement requires that, effective May 1, 2001 through the present, Defendant contributes to the Pension Fund at a certain rate per hour paid for each of its employees covered by the Agreement.

15.     Defendant further is bound by the terms and provisions of the Agreement and Declaration of Trust of the Pension Fund ("Trust Agreement"), and by all resolutions and rules adopted by the Trustees pursuant to the powers delegated to them under the Trust Agreement, including collection policies.

16.     At all relevant times, Section 3.1 of the Trust Agreement has provided that an employer shall submit complete remittance reports to the Pension Fund with the employer's contributions. The remittance report must contain the names of each covered employee and the number of paid hours for each employee during the reporting month. The information is necessary

in order for the Pension Fund to properly credit each employee with the appropriate amount of pension credit and to verify that the employer has remitted the appropriate amount of contributions for the reported hours.

17. At all relevant times, Section 2.05(a) of the Pension Fund's Plan Document has provided that an employer is not deemed accepted for participation in the Pension Fund until the Pension Fund has notified the employer that its participation has been accepted.

18. At all relevant times, the Trust Agreement and the Pension Fund's Collection Policy, adopted by the Trustees pursuant to their authority under the Trust Agreement, have provided that an employer delinquent in its contributions to the Pension Fund is liable for interest at the rate of ten percent (10%) per annum, liquidated damages equal to five percent (5%) of the delinquent contribution prior to the commencement of legal action and twenty percent (20%) thereafter, and attorneys' fees and costs.

19. Section 515 of ERISA, 29 U.S.C. § 1145, requires employers who are obligated to make contributions to a multi-employer employee benefit plan to do so in accordance with the terms of the collective bargaining agreement or the plan.

20. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides as follows:
In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of:

        (i) interest on the unpaid contributions, or

   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under sub-paragraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

21. On or about May 11, 2004, the Defendant sent the Pension Fund an initial check for partial contributions due under the Agreement effective May 2001 through January 2005. On or about July 19, 2004, the Pension Fund responded by letter to Defendant returning the check and advising that the Pension Fund had only recently received a copy of the Agreement and would notify the Defendant if its participation was accepted, and if so, send the Defendant information about the pension plan and contribution remittance instructions.

22. On or about August 18, 2004, the Pension Fund sent Defendant a letter notifying it that the Pension Fund had approved Defendant's Agreement and participation in the Pension Fund.

23. On or about April 19, 2005, the Pension Fund notified Defendant that its account was delinquent as the Pension Fund had not received Defendant's remittance reports and contribution payments due for the period May 2001 through February 2005.

24. Despite repeated requests from both the Pension Fund and its Counsel, Defendant has failed to pay contributions Defendant owes to the Pension Fund, plus accrued interest, and liquidated damages. Specifically, Defendant has failed to submit to the Fund the total amount of contributions

due for the months including, but not necessarily limited to, May 2001 through December 2003, and April 2005 to the present. In addition, Defendant failed to pay in a timely manner the contributions for the months including, but not necessarily limited to, January through December 2004, and failed to provide the required remittance reports required for various months during the period 2001 to the present.

25.  Because of Defendant's failure and refusal to remit its required contributions to the Pension Fund, Defendant is delinquent in its contribution obligations to the Pension Fund. Due to Defendant's failure to submit the required remittance reports, the specific amount due the Pension Fund cannot be established at this time.

26.  Defendant's failure to remit its required contributions and interest and liquidated damages is a breach of its obligations under the Collective Bargaining Agreement and the Trust Agreement and is a violation of Section 515 of ERISA, 29 U.S.C. § 1145.

27.  Under Sections 515 and 502(g)(2) of ERISA, 29 U.S.C. §§ 1145 and 1132(g)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), Defendant is obligated to the Pension Fund and the Trustees to pay the full amount of its delinquent contributions, interest, and liquidated damages.

28.  Under Sections 515 and 502(g)(2) of ERISA, 29 U.S.C. §§ 1145 and 1132(g)(2), and Section 301 of the LMRA, 29 U.S.C. § 185)a), Defendant is also obligated to the Pension Fund and the Trustees to pay the Plaintiffs' attorney's fees and costs of this action. Plaintiffs are also entitled, under Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E), to such other legal or equitable relief as the Court deems appropriate.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that the Court:

1. Declare that Defendant is delinquent in its contributions to the Pension Fund pursuant to the Collective Bargaining Agreement;

2. Enter judgment in the full amount of the delinquent contributions Defendant owes to the Pension Fund, including additional amounts which may become delinquent during the pendency of this action or which become ascertainable based on the Pension Fund's review of Defendant's employment records, together with interest, liquidated damages, attorneys' fees and costs, as required by the Collective Bargaining Agreement, the Trust Agreement and by Section 502 (g)(2) ERISA, 29 U.S.C. § 1132(g)(2).

3. Restrain and enjoin the Defendant, its officers, agents, servants, attorneys, successors, assigns and all persons acting on its behalf or in conjunction with it from:

    (a) refusing to timely file remittance reports due the Pension Fund for all periods for which the Defendant is obligated to file such reports under the terms of a collective bargaining agreement; and

    (b) failing or refusing to pay to the Plaintiffs all amounts, including contributions, interest, liquidated damages and costs due to the Pension Fund for which Defendant is obligated to make payments under the terms of a collective bargaining agreement.

4. Retain jurisdiction of this case pending compliance with its Orders, and

5. Grant such other legal or equitable relief as the Court may deem just.

Respectfully submitted,

/s/ Thomas J. Hart
Thomas J. Hart, Esq. (DC Bar No. 165647)
Karen J. Ward, Esq. (DC Bar No. 443340)
SLEVIN & HART, P.C.
1625 Massachusetts Ave., N.W., Suite 450
Washington, D.C. 20036
202-797-8700 (Telephone)
202-234-8231 (Facsimile)

Dated: August 19, 2005                    Attorneys for Plaintiffs